ORIGINAL

KENNETH M. SORENSON
United States Attorney
District of Hawaii

MICHAEL F. ALBANESE #9421
Chief, Narcotics and
Violent Crimes

JEANNETTE S. GRAVISS
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:        jeannette.graviss@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 30 2026

at 4 o'clock and 34 min. P M
CLERK, U.S. DISTRICT COURT AB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 26-00058 MWJS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA |
| | ) | AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | DATE:    June 30, 2026 |
| JOHN LAWRENCE SULLIVAN, | ) | TIME:    4:00 p.m. |
| | ) | JUDGE:   Micah W.J. Smith |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, JOHN LAWRENCE SULLIVAN, and

his attorney, Randy Grossman, have agreed upon the following:

## THE CHARGES

1.    The defendant acknowledges that he has been charged in an

Information with violating Title 18, United States Code, Section 113 and Title 49,

United States Code, Section 46506(1).   The defendant is also aware he has been

charged in a separate Superseding Indictment, in Case No. CR 25-00048 MWJS, in

Count 1 with violating Title 18, United States Code, Section 2244(b) and Title 49,

United States Code, Section 46506(1); and in Count 2 with violating Title 49,

United States Code, Section 46405.

2.    The defendant has read the charges against him contained in the

Information and Superseding Indictment, and those charges have been fully

explained to him by his attorney.

3.    The defendant fully understands the nature and elements of the crime

with which he has been charged.

## THE AGREEMENT

4.    The defendant will enter a voluntary plea of guilty to the Information,

which charges him with simple assault in the special aircraft jurisdiction of the

United States.   In return, the United States Attorney's Office for the District of

Hawaii ("government") agrees to move to dismiss the Superseding Indictment after

2

sentencing.   In addition, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the defendant's sentence should be a one-year term of probation with the following conditions:

      a.     The Mandatory Conditions under U.S.S.G. § 5B1.3(a);

      b.     The Standard Conditions under U.S.S.G. § 5B1.3(c), except condition 5B1.3(c)(3) shall be modified so the defendant may travel anywhere within the United States without permission from the Court or probation officer;

      c.     The defendant shall not use or possess alcohol;

      d.     The defendant shall participate in drug and alcohol testing administered by the United States Probation Office or its authorized agents (not self-administered tests).

5.     If the Court informs the parties prior to sentencing that it will reject this agreement or impose a sentence inconsistent with its terms, then either party may withdraw from the plea agreement, and the defendant will have the opportunity to withdraw his guilty plea pursuant to Rule 11(c)(5).

6.     The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

7.     The defendant agrees that this plea is voluntary and not the result of force or threats.

3

## PENALTIES

8.     The defendant understands that the penalties for the offense to which he is pleading guilty include:

a.     A term of imprisonment of up to six months and a fine of up to $5,000, plus a term of supervised release of up to one year.

b.     In addition, the Court must impose a $10 special assessment as to each count to which the defendant is pleading guilty.  The defendant agrees to pay $10 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

c.     **Restitution.**  The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's offenses.  The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office.  The defendant agrees to pay restitution for all losses caused by

the defendant's conduct, regardless of whether the counts of the Information associated with such losses will be dismissed as part of this Agreement.

## FACTUAL STIPULATIONS

9. The parties agree that the government would prove the following facts beyond a reasonable doubt if this case were to proceed to trial:

a. The defendant, while on a U.S. commercial airplane flying from Honolulu, Hawaii to San Diego, California, assaulted B.S. by intentionally using his hand to reach toward B.S. and make unwanted physical contact with B.S.'s body, in a way that reasonably caused B.S. to fear immediate bodily harm.

10. Pursuant to Section 6B1.2 of the Sentencing Guidelines, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

11. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a. The base offense level is 7 as found in Section 2A2.3(a)(1) of the Sentencing Guidelines.

5

b.    As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.  *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

12.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   But, if the Court accepts the plea agreement in this case, it is bound by the sentencing agreement in paragraph 4 above.

**APPEAL/COLLATERAL REVIEW**

13.    The defendant is aware that he has the right to appeal his conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this

Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a.    The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge based on a claim of ineffective assistance of counsel.

b.    In the event the Court accepts the plea and, in sentencing the defendant, follows the sentencing agreement in paragraph 4 above, then, as part of his agreement, the parties hereby waive all rights to appeal all sentencing issues.

## FINANCIAL DISCLOSURE

14.    In connection with the collection of restitution or other financial obligations that may be imposed upon him, the defendant agrees as follows:

a.    The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to

7

truthfully complete a financial statement provided to the defendant by the United States Attorney's Office.   The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case.   The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office.   The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.   The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

b.   The defendant expressly authorizes the United States Attorney's Office to obtain his credit report.   The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing.   The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

8

c.    Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

15.    The defendant understands that the Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

9

## WAIVER OF TRIAL RIGHTS

17. The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial by a judge sitting without a jury.

b. At a trial, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

c. At a trial, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses, and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

d. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

18.    The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the

11

defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.    The defendant and his attorney acknowledge that no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   This Agreement supersedes all prior promises, agreements or conditions between the parties.

22.    To become effective, this Agreement must be signed by all signatories listed below.

//

//

//

//

//

//

//

//

//

//

12

23.    Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

KENNETH M. SORENSON
United States Attorney
District of Hawaii

Dated: 6/3/26

MICHAEL F. ALBANESE #9421
Chief, Narcotics and Violent Crimes

Dated: 6/3/26

JEANNETTE S. GRAVISS
Assistant U.S. Attorney

Dated: 06/01/26

JOHN LAWRENCE SULLIVAN
Defendant

Dated: 06/02/26

RANDY GROSSMAN
THOMAS OTAKE
CAROLINE ELLIOT
Attorney for Defendant

13